UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHWINDER S.,[1]<br>Petitioner,<br>v.<br>MINGA WOFFORD, et al.,<br>Respondents. | No. 1:26-cv-1163-TLN-JDP<br><br>**ORDER** |

Petitioner, an immigration detainee, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 6, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 9.) Respondents filed objections to the findings and recommendations, objecting to the scope of the recommended relief. (ECF No. 11.) Respondents concede that Petitioner's detention is

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

controlled by 8 U.S.C. § 1226(a) and argue Petitioner should only be granted the process provided by the statute and its governing regulations. (*Id.* at 1.)

Respondents' objection is overruled. Petitioner challenges his civil immigration detention as violating both the Fifth Amendment Due Process Clause and the Immigration and Nationality Act. (ECF No. 1 at 8–9.) The Court granted Petitioner's motion for temporary restraining order upon finding Petitioner had established a likelihood of success on both claims. (ECF No. 7.) The magistrate judge found Petitioner's Fifth Amendment due process rights were violated.[2] (ECF No. 9.) The appropriate remedy here must therefore address the constitutional violation.[3]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 6, 2026 (ECF No. 9) are ADOPTED in full as set forth below.

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents show by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's

---

[2] The magistrate judge recommended Petitioner's habeas petition be granted on his constitutional claim and did not address his statutory claim. (ECF No. 9.)

[3] Respondents also disagree that the burden at a pre-deprivation hearing should be on the government, rather than Petitioner. Courts in this Circuit have routinely found the appropriate standard for a pre- and post-deprivation bond hearing in this context is for the government to bear the burden of proving by clear and convincing evidence that the noncitizen's detention is necessary to prevent danger to the community or flight. *See, e.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025 (N.D. Cal. 2025); *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035-JLT-HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025); *Caglar v. Wamsley*, No. 2:26-cv-00787-TMC, 2026 WL 1123515 (W.D. Wash. Apr. 24, 2026).

constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

4. The Clerk of Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: September 10, 2026

Troy L. Nunley
Chief United States District Judge